**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| NUNZIA TINA JEPSEN, | ) | NO. SA CV 16-384-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on March 2, 2016, seeking review of the Commissioner's denial of benefits. The parties consented to proceed before a United States Magistrate Judge on April 5, 2016. Plaintiff filed a motion for summary judgment on July 20, 2016.

Defendant filed a motion for summary judgment on August 19, 2016.  The Court has taken the motions under submission without oral argument.  See L.R. 7-15; "Order," filed March 4, 2016.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff asserts disability since January 18, 2011, based on alleged physical and mental impairments (Administrative Record ("A.R.") 150-53, 164). Dr. Daniel Capen treated Plaintiff monthly from October 2012 through at least December 2013 and completed a "Physical Residual Functional Capacity Questionnaire" on December 20, 2013 (A.R. 797-801; see A.R. 309-55, 414-23, 453-531, 731-56, 765-78, 786-96 (treatment records)). Dr. Capen opined that Plaintiff: (1) would be limited to lifting no more than 10 pounds occasionally, standing no more than 20 minutes at a time, and sitting no more than 20 minutes at a time, for a total of two hours of sitting and two hours of standing/walking in a normal workday (A.R. 799-800); (2) would need to walk around every hour for five minutes at a time, and would need to shift positions from sitting to standing at will (A.R. 799); (3) would need to take unscheduled breaks from work every two to three days for 12 to 18 hours at a time (A.R. 799-800); and (4) would miss an average of three days of work each month (A.R. 801). As support for these opinions, Dr. Capen referenced clinical findings and objective signs, including MRI findings (A.R. 250), operative reports regarding Plaintiff's shoulders (A.R. 216-306), x-ray findings (A.R. 533-34), and decreased ranges of motion in Plaintiff's bilateral shoulders, neck, and low back (A.R. 311, 335, 346, 415, 454, 459, 466, 483, 489, 500, 505, 510, 520-21, 732, 737, 787) (A.R. 797).

An Administrative Law Judge ("ALJ") reviewed the record and heard testimony from Plaintiff, a medical expert, and a vocational expert (A.R. 24-35, 41-73). The ALJ found that Plaintiff has severe physical impairments which limit her to the following residual functional capacity:

> [Plaintiff can] occasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk 6 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday, with the ability to stand and stretch every hour estimated to take 1 to 3 minutes per hour; frequently stoop, crouch, kneel, and climb stairs; never crawl or climb ladders, ropes, and scaffolds; occasionally work overhead with the left upper extremity; never work overhead with the right upper extremity; frequently push and pull at the above weights; and avoid concentrated exposure to hazardous machinery and unprotected heights.

(A.R. 26, 28).

The ALJ gave "little weight" to Dr. Capen's opinions, instead giving "great weight" to the testimony of a non-examining medical expert (A.R. 28-33; see A.R. 56-57). The ALJ determined that a person who has the functional capacity the ALJ found Plaintiff to retain could perform Plaintiff's past relevant work (A.R. 34 (adopting vocational expert testimony at A.R. 68-70)).

///
///

The Appeals Council considered additional evidence, but denied review (A.R. 1-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner, 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see also Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

///

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

**I. The ALJ Failed to State Sufficient Reasons for Rejecting Dr. Capen's Opinions.**

The ALJ's only stated reasons for rejecting Dr. Capen's opinions were that the opinions assertedly had been "made solely in the context of a workers' compensation claim and . . . [were] not consistent with the record as a whole" (A.R. 33). As discussed below, these stated reasons are legally insufficient.

///

A treating physician's opinions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion. . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (discussing deference owed to the opinions of treating and examining physicians). Even where the treating physician's opinions are contradicted, as here, "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriguez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

The reasons the ALJ stated for rejecting Dr. Capen's opinions do not comport with these authorities. First, the ALJ's statement that Dr. Capen's opinions were "not consistent with the record as a whole" is an impermissibly vague and unspecific statement. See, e.g., Kinzer v. Colvin, 567 Fed. App'x 529, 530 (9th Cir. 2014) (ALJ's statements that treating physicians' opinions "contrasted sharply with the other evidence of record" and were "not well supported by the . . . other objective findings in the case record" held insufficient); McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) ("broad and vague"

reasons for rejecting treating physician's opinions do not suffice); Embrey v. Bowen, 849 F.2d at 421 ("To say that the medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . ."); compare Wilson v. Colvin, 583 Fed. App'x 649, 651 (9th Cir. 2014) (upholding rejection of treating physician's opinion where the ALJ determined that the opinion was not corroborated by any other medical opinion, was inconsistent with the rest of the record, and relied heavily on the claimant's own subjective statements which the ALJ found incredible). To the extent the opinions of other medical sources contradicted the opinions of Dr. Capen, such contradiction triggers rather than satisfies the requirement of stating "specific, legitimate reasons." See, e.g., Valentine v. Commissioner, 574 F.3d 685, 692 (9th Cir. 2007); Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007).

Second, the ALJ's only other stated reason, i.e., that Dr. Capen's opinions assertedly were "made solely in the context of a worker's compensation claim" is not a legitimate reason. Contrary to the ALJ's implication, the purpose for which a medical opinion is obtained "does not provide a legitimate basis for rejecting it." Reddick v. Chater, 157 F.3d 715, 726 (9th Cir. 1988) (mere fact that opinions were provided for disability carrier at the request of counsel is not a legitimate basis for evaluating the reliability of the opinions); see Nash v. Colvin, 2016 WL 67677, at *7 (E.D. Cal. Jan. 5, 2016) ("the ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers'

compensation proceeding. . .") (citations and quotations omitted); Casillas v. Colvin, 2015 WL 6553414, at *3 (C.D. Cal. Oct. 29, 2015) (same); Franco v. Astrue, 2012 WL 3638609, at *10 (C.D. Cal. Aug. 23, 2012) (same).[1]

Defendant now suggests other alleged justifications for rejecting Dr. Capen's opinions, but the ALJ did not include any of these other alleged justifications among the ALJ's stated reasons for rejecting Dr. Capen's opinions. See Defendant's Motion at 7-10. The Court "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001).

In light of the vocational expert's testimony, the Court cannot find harmless the ALJ's failure to state sufficient reasons for rejecting Dr. Capen's opinions. An error "is harmless where it is inconsequential to the ultimate nondisability determination." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (citations and quotations omitted). The vocational expert testified that if a person had to miss three or more days of work per month (the number of days Dr. Capen opined Plaintiff would miss), there would be no work the person could perform (A.R. 71).

///
///

---

[1] The Court also observes that Dr. Capen's December 20, 2013 "Physical Residual Functional Capacity Form" appears to have been submitted in connection with Plaintiff's social security claim, not, as the ALJ asserted, "solely in the context of a workers' compensation claim."

**II. <u>Remand for Further Administrative Proceedings is Appropriate.</u>**

Remand is appropriate because the circumstances of this case suggest that further administrative review could remedy the ALJ's errors. <u>McLeod v. Astrue</u>, 640 F.3d 881, 888 (9th Cir. 2010); <u>see also</u> <u>INS v. Ventura</u>, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency investigation or explanation, except in rare circumstances); <u>Dominguez v. Colvin</u>, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); <u>Treichler v. Commissioner</u>, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases"); <u>Garrison v. Colvin</u>, 759 F.3d at 1020 (court will credit-as-true medical opinion evidence only where, <u>inter alia</u>, "the record has been fully developed and further administrative proceedings would serve no useful purpose"); <u>Harman v. Apfel</u>, 211 F.3d 1172, 1180-81 (9th Cir.), <u>cert. denied</u>, 531 U.S. 1038 (2000) (remand for further proceedings rather than for the immediate payment of benefits is appropriate where there are "sufficient unanswered questions in the record").

There remain significant unanswered questions in the present record. <u>See</u> <u>Marsh v. Colvin</u>, 792 F.3d 1170, 1173 (9th Cir. 2015) (remanding for further proceedings to allow the ALJ to "comment on" the treating physician's opinion). Moreover, it is not clear on the present record whether the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability even if Dr.

9

Capen's opinions were fully credited. See <u>Luna v. Astrue</u>, 623 F.3d 1032, 1035 (9th Cir. 2010).[2]

**CONCLUSION**

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 31, 2016.

/S/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff's alleged onset date is January 18, 2011 (A.R. 24). Dr. Capen opined that Plaintiff's limitations have existed since December 13, 2012 (A.R. 801).

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time. The parties are advised, however, that this Court recently has remanded cases involving the same violation of Social Security Ruling 00-4p argued by Plaintiff herein. See, e.g., <u>White v. Colvin</u>, 2016 WL 4402798 (C.D. Cal. Aug. 17, 2016); <u>Harrison v. Colvin</u>, 2016 WL 1258447 (C.D. Cal. March 30, 2016). In those cases, as here, neither the ALJ nor the vocational expert recognized a potential conflict between the Dictionary of Occupational Titles' reaching requirements and the vocational expert's testimony that the claimant could perform jobs notwithstanding a limitation on overhead reaching.